## BROWN v BROWN

Ohio Appeals, 2nd Dist, Franklin Co

No 2206. Decided Sept 6, 1932

L. P. Henderson, Columbus, for plaintiff in error.

Rubrecht & Matthews, Columbus, for defendant in error.

### BY THE COURT

Ordinarily to make out a trust of this character requires clear and convincing evidence. The plaintiff in error admits that after the separation he wrote a number of letters to his wife but in none of these letters was there any claim of a trust in this money.

The defendant in the court below claims the trust the first time, as far as the records go, in his cross petition and in the evidence in the case. The defendant in the court below testifies on the trial to the existence of the trust and claims that the bulk of his earnings was turned over to the wife semi-monthly and included in the deposit. In the absence of any written statement or declaration of the trust the failure to claim the trust after Mrs. Brown had left him does not present, we think, a strong case on the part of the plaintiff in error. The deposit, according to the testimony of Mrs. Brown originated out of property which she received from her late husband amounting to a considerably larger sum than the $1850.00 involved in this case. This money, according to her testimony, she kept separate, and it was reduced from time to time until the sum of $1850 remained. The plaintiff in error, Mr. Brown, introduced testimony tending to show that an affidavit had been filed by her in the Probate Court to the effect that she received nothing from her late husband's estate. The will is offered tending to prove that the property was devised to Mrs. Brown and that she received the sum above stated from said estate. While this affidavit tends to detract from the testimony of Mrs. Brown, yet it is common in a case where all the property is devised to the wife and there are no debts that she take the property directly under the will and does not account for it as in a case where other parties are interested. We reach the conclusion that the judgment of the Court of Common Pleas in refusing to declare the alleged trust in favor of Brown, and in other respects, is not contrary to the manifest weight of the evidence. The judgment of the Court of Common Pleas is therefore affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.